IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JUSTIN K. PRINCE,<br><br>Plaintiff,<br><br><br><br>v.<br><br><br><br>JESSIE LEE WARD, et. al,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br><br><br>Case No. 2:17-cv-934-DB<br><br>Judge Dee V. Benson |

Before the Court is Defendant's motion to dismiss for lack of personal jurisdiction or in the alternative, to transfer venue. [Dkt. 10]. The motion has been fully briefed and a hearing was held on January 23, 2018. At the hearing, Plaintiff was represented by Mark James and Mitchell Stephens. Defendant was represented by Jared Anderson. Based on the parties' written and oral arguments and on the relevant facts and the law, the Court enters the following Order.

**BACKGROUND**

Plaintiff Justin Prince is a resident of Utah who works as a distributor for Modere, a mulit-level marketing company headquartered in Springville, Utah. He operates his business from Utah and many of his downline distributors are also located in the state. Defendant is a

resident of Maryland and a former distributor for Modere. She has traveled to Utah occasionally as part of her relationship with Modere.

Plaintiff filed this action alleging Defendant defamed him by posting false accusations about him in an online social media chat room. Specifically, the Amended Complaint asserts that Defendant accused Plaintiff of, among other things, inappropriate sexual conduct with women not his wife and being addicted to opiods. [Dkt. 4].  Plaintiff further alleges that Defendant directed a private investigator, acting as her agent, to send an email to Modere executives containing accusations that Plaintiff engaged in intimate acts with a named Modere business associate alleged to have a sexually-transmitted disease.  *Id*.  Plaintiff contends that Defendant claimed to have tapped Modere's telephone system and attempted to entice the company to pay $40,000 in cash in exchange for additional information about Plaintiff.  Plaintiff maintains all of Defendant's allegations are false and that Defendant's motivation was to "ruin" his reputation; cause him to be terminated by Modere; and destroy his business and family.  *Id*.  The Amended Complaint alleges that Plaintiff told others she wants Defendant "destroyed," and that she would "love nothing more than to see him lose his house, his wife, and even his life."  *Id*.

Plaintiff claims he has suffered permanent damage to his reputation and business and he asserts four causes of action in the Amended Complaint:  (1) defamation/slander/libel; (2) intentional infliction of emotional distress; (3) tortious interference with business relations; and (4) conspiracy.   Defendant moves to dismiss this action based on lack of personal jurisdiction. In the alternative, she seeks a change of venue to the District of Maryland.

**PERSONAL JURISDICTION**

To obtain personal jurisdiction over a nonresident defendant in a diversity action, a

plaintiff must show that:  (1)  jurisdiction is legitimate under the laws of the forum state; and

(2) the exercise of jurisdiction does not offend the Due Process Clause of the Fourteenth

Amendment. *Soma Medical Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir.

1999).

**A. Jurisdiction Under State Law**

Utah law expressly states that its long arm statute must be interpreted broadly "so as to

assert jurisdiction over nonresident defendants to the fullest extent permitted by the Due Process

Clause of the Fourteenth Amendment to the United States Constitution." Utah Code § 78B-3-

201; *see also Starways, Inc. v. Curry*, 980 F.2d 204, 206 (Utah 1999) ("We have held that the

Utah long-arm statute 'must be extended to the fullest extent allowed by due process of law.")

(quoting *Synergetics v. Marathon Ranching Co.*, 701 F.2d 1106, 1110 (Utah 1985)). Because the

Utah long-arm statute confers the maximum jurisdiction permissible consistent with the Due

Process Clause, the Court proceeds to determine whether the exercise of personal jurisdiction

over Defendant meets federal due process standards.

**B. Due Process Analysis**

"The Due Process Clause protects an individual's liberty interest in not being subject to

the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or

relations.'" *Burger King*, 471 U.S. at 471-72 (quoting *International Shoe Co. v. Washington*, 326

U.S. 310, 319 (1945)). Accordingly, a "court may exercise personal jurisdiction over a

3

nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (quoting *International Shoe*, 326 U.S. at 316). Minimum contacts sufficient to assert specific personal jurisdiction over a nonresident defendant exist where "the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or are related to those activities." *Burger King*, 471 U.S. at 472.

> 1. **Minimum Contacts**

A defendant may be found to have "purposefully directed" his activities in the forum state where a plaintiff has alleged "(a) an intentional action . . . that was (b) expressly aimed at the forum state . . . with (c) knowledge that the brunt of the injury would be felt in the forum state." *Calder v. Jones*, 465 U.S. 783 (1984); *Dudnikov v. Chalk & Vermilion Fine Arts, Inc*., 514 F.3d 1063 (2008). The Tenth Circuit Court of Appeals explained that "actions that are performed for the very purpose of having their consequences felt in the forum state are more than sufficient to support" personal jurisdiction. *Silver v. Brown*, 382 Fed. Appx. 723, 730 (10th Cir. 2010).

Plaintiff alleges in the amended Complaint that Defendant acted intentionally in both posting her comments online and directing the private investigator to communicate the defamatory accusations to Modere management in Utah. He asserts that Defendant targeted Plaintiff, a Utah resident and that the "express aim" of her statements was to reach into Utah and damage Plaintiff's business, family and reputation. *Id*. at 1075. The Amended Complaint asserts that Defendant wanted to "ruin" Plaintiff. Dkt. 4. Plaintiff claims injury and direct economic damage as a result of Defendant's alleged actions. *Id*.

Plaintiff has alleged facts that Defendant purposefully directed her actions to Utah with the intent and for the purpose of causing injury to Plaintiff's business, family and reputation in Utah. Accordingly, the Court finds that Defendant has sufficient minimum contacts with Utah. See *Silver*, 382 Fed. App'x. at 730.

### 2. Reasonableness

Where a court determines that a defendant's activities create sufficient minimum contacts, the court must then consider "whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113 (1987)). This requires a determination of whether the exercise of personal jurisdiction over a defendant with minimum contacts is "reasonable" in light of the circumstances surrounding the case. *OMI Holdings*, 149 F.3d at 1091.

Factors the Court considers are: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Id.* at 1095; *World-Wide Volkswagen*, 444 U.S. at 292.

### a. Burden on Defendants of Litigating in the Forum

Defendant resides in Maryland. While the Court recognizes that places a burden on Defendant to litigate in Utah, "[m]odern transportation and communication, and in particular the implementation of electronic case filing, noticing, and teleconferences, have to some extent

lessened the burden to out-of-state defendants." *Toytrackerz LLC v. Koehler*, 2009 WL 1505705, at *18 (D. Kan. May 28, 2009). Accordingly, the Court finds that litigating in this district will not create "so substantial a burden as to violate due process." *Kindig It Design*, 157 F. Supp. at 1180.

### b.  Forum State's Interest in Resolving the Dispute

States have "an important interest in providing a forum in which their residents can seek redress for injuries caused by out-of-state actors." *OMI Holdings*, 149 F.3d at 1096.  The Court finds Utah has an interest in adjudicating this controversy. Plaintiff not only resides in Utah, but also claims to have suffered significant injury and monetary damages within the state. *See Burger King*, 471 U.S. at 483-84.

### c.  Plaintiff's Interest in Convenient and Effective Relief

Plaintiff has an interest in obtaining relief in Utah, where he and his family reside, where he conducts business, where numerous witnesses are located, and where he has alleged to have suffered significant injury.

### d.  Interstate Judicial System's Interest in Obtaining Efficient Resolution

The Court evaluates whether the forum state is the most efficient place to litigate the dispute. *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1281 (10th Cir. 2005). In doing so, courts look to the location of witnesses, the location of the underlying wrong, which forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation. *Id.*  Along with Plaintiff and his family, the Modere executives who were the recipients of the allegedly defamatory emails reside in Utah.  Defendant and some of the witnesses reside in Maryland.  Other witnesses, such as members of the online chat group, are located in various

states around the country.  The underlying wrong and the brunt of the injury has occurred in

Utah.  The Court finds that these factors weigh in favor of litigating the dispute in this district.

          **e.   States' Interest in Furthering Fundamental Substantive Social Policies**

Finally, the fifth factor of the reasonableness inquiry focuses on whether the exercise of

personal jurisdiction by the forum state affects the "substantive social policy interests of other

states or foreign nations." *OMI Holdings*, 149 F.3d at 1097. The Court finds no facts suggesting

that the exercise of personal jurisdiction in Utah would affect the substantive social policy

interests of any other state.

Having evaluated the relevant factors, the Court finds that Defendant has not met its

burden of establishing a "compelling case" that the exercise of jurisdiction in Utah would be

unreasonable. *Burger King*, 471 U.S. at 477. Accordingly, the Court determines that the exercise

of specific personal jurisdiction over Defendant in this action is reasonable and appropriate under

the Due Process Clause.


**VENUE**

Defendant moves in the alternative, to transfer venue to Maryland pursuant to 28 U.S.C.

section 1404.  The Court has discretion to transfer an action "[f]or the convenience of parties and

witnesses, [and] in the interest of justice,…to any other district or division where it might have

been brought." 28 U.S.C. § 1404(a). Defendant "bears the burden of establishing that the existing

forum is inconvenient" and that "[m]erely shifting the inconvenience from one side to the

other…is not a permissible justification for a change of venue." *Scheidt v. Klein*, 956 F.2d 963,

965 (10th Cir. 1992).

In considering a motion to transfer venue under § 1404(a), courts in the Tenth Circuit

weigh the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and [ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (internal

quotation marks omitted).

The Tenth Ciruict gives "considerable weight" to the Plaintiff's choice of forum. *See,*

*e.g., Scheidt, v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). "[T]he plaintiff's choice of forum . . .

should rarely be disturbed." *Id.*

Merely transferring the burden of inconvenience from Defendant to Plaintiff is an

insufficient basis for transferring venue. Considering the factors above, the Court finds that

Defendant has not met her burden of establishing that venue should be transferred from Utah to

Maryland.

## CONCLUSION

 The Court finds that Defendant has sufficient minimum contacts with Utah to be subject

to personal jurisdiction in this action.  Based on the allegations contained in the Amended

Complaint, Defendant intended to cause injury to Plaintiff, whom she knew resided with his family in Utah and knowing that the company for which they both worked is headquartered in Utah.  The Amended Complaint further alleges that Plaintiff directed the defamatory emails to be sent to Modere executives in Utah. Exercise of specific personal jurisdiction over Defendant for purposes of this action is reasonable and appropriate under the law.

Additionally, based on the facts presented, the Court declines to exercise its discretion to move this action to Maryland.

IT IS SO ORDERED.


DATED this 1st day of February, 2018.

_____

Dee Benson
United States District Judge